**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

FREDDIE C. CLARK, JR.,[1]
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DC-0752-13-0745-I-1

DATE: March 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Freddie C. Clark, Jr., Raeford, North Carolina, pro se.

Michael J. McHugh, Fort Bragg, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Army Installation Management Command Employees III v. Department of the Army*, Docket No. DC-0752-14-0416-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2   On May 30, 2013, the agency issued a notice of proposed furlough informing the appellant, a Relocation Specialist, that he would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester" that began on March 1, 2013. Initial Appeal File (IAF), Tab 1 at 10-12. The appellant responded to the notice of proposed furlough. *See id.* at 8-9. There is no decision letter in the record[4]; however, the deciding official stated in a declaration made under penalty of perjury that he imposed the furlough. *See Army Installation Management Command Employees III v. Department of the Army*, Docket No.

---

[3] Our decision in this matter only applies to the appellant and not to the other appellants in the consolidated appeal.

[4] The agency explained below that it was attempting to locate the decision letter. *See* IAF, Tab 7 at 5.

DC-0752-14-0416-I-1, Consolidated Appeal File (CAF), Tab 8. The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013, and not to exceed a maximum of 88 hours during the furlough period. IAF, Tab 7 at 16-18.

¶3      The appellant filed a Board appeal challenging the agency's action, and he requested a hearing. *See* IAF, Tab 1 at 1, Tab 5. In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly-situated employees. CAF, Tab 1. The administrative judge also issued an order in which she: (1) directed the appellants who requested a hearing to submit a prehearing statement on or before June 24, 2014; (2) scheduled a July 1, 2014 prehearing conference; (3) set a July 8, 2014 hearing date for the appellants who requested a hearing; and (4) scheduled a July 8, 2014 close of the record date for the appellants who did not request a hearing. CAF, Tab 7. The administrative judge cautioned in this order that any appellants who had requested a hearing and were not present for the prehearing conference would not be permitted to testify, present evidence, or examine witnesses at the hearing, and would instead receive a decision on the written record. *Id.* The appellant did not attend the prehearing conference, nor did he submit a prehearing statement.

¶4      The administrative judge issued an order canceling the hearing because the appellants in this consolidation who requested a hearing did not submit any prehearing submissions, did not appear for the prehearing conference, and did not contact her to request a postponement or extension of the conference. CAF, Tab 10. She reiterated in this order that the record would close on July 8, 2014, and that the parties could submit documentary evidence by that date. *Id.* The appellant filed a close of the record submission, in which he opposed the administrative judge's decision to cancel the hearing and requested that the hearing be rescheduled. He also included substantive arguments challenging the

furlough.  IAF, Tab 8.  The administrative judge issued an initial decision affirming the agency's furlough actions.  CAF, Tab 11, Initial Decision (ID).

¶5   The appellant has filed a petition for review to which the agency opposes. Petition for Review (PFR) File, Tabs 1, 4.  In his petition for review, the appellant "again" requests a hearing.  PFR File, Tab 1.  He does not challenge any of the administrative judge's substantive findings or her decision to affirm the furlough, nor does he provide any explanation for his failure to attend the prehearing conference or his failure to file a prehearing submission.

¶6   An administrative judge may impose sanctions as necessary to serve the ends of justice.  5 C.F.R. § 1201.43.  That authority includes the right to sanction a party for failure to comply with an order.  *Id.*  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2014); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013).  The abuse of discretion standard is "a very high standard" and allows for "great deference." *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (citing *Lipscomb v. Department of Defense*, 69 M.S.P.R. 484, 487 (1996)).

¶7   An appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances.  *Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999); *Stein-Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 337 (1996).  The record reflects that the appellant failed to attend the prehearing conference and failed to file a prehearing statement.  Importantly, he did not provide any explanation below or on review for his failure to attend the prehearing conference or his failure to file a prehearing submission, nor did he identify any evidence that he would have presented at the hearing that he was unable to present in his close of record submission.  We therefore conclude that the administrative judge did not abuse her discretion in issuing the sanction in this regard, especially given that she notified the appellant that this would happen in her order.  CAF, Tab 7; *cf. Hart*, 81 M.S.P.R. 329, ¶¶ 5-7 (the appellant's

inadvertent failure to comply with the administrative judge's order was not an extraordinary circumstance that warranted the extreme sanction of the denial of a hearing); *Stein-Verbit*, 72 M.S.P.R. at 338 (finding that the sanction of a canceled hearing was inappropriate when the appellant "was too ill to participate" in the first prehearing conference and she did not attend the second prehearing conference because she did not receive the scheduling notice and was unable to participate).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.